# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. PEPE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. HARRINGTON, Warden, et al.,<br><br>　　　　　Respondent. | NO. CV 11-9088 GAF (FMO)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　Pro se petitioner Robert D. Pepe is a prisoner in state custody. For the reasons stated below, this action is dismissed without prejudice.

　　　This action was opened with the filing of petitioner's "Motion for a Stay and Abeyance Order Tolling AEDPA Statute of Limitations" ("Motion") on November 2, 2011.[1] Petitioner requests that the Court issue an order "for a stay and abeyance tolling petitioner's current AEDPA[] one-year statute of limitations in order to exhaust the current ongoing state writ of habeas corpus." (Motion at 1).

---

[1] Under 28 U.S.C. § 2244(d), there is a one-year statute of limitations for federal habeas petitions by state prisoners, running from the latest of: (A) the date judgment became final at conclusion of direct review or expiration of time for seeking it; (B) the date an impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if petitioner was prevented from filing by State action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Court and made retroactively applicable on collateral review; or (D) the date the factual predicate of claims presented could have been discovered through exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time for direct review under § 2244(d)(1)(A) includes the 90-day period for filing a petition for certiorari in the U.S. Supreme Court, if a petition could have been, but was not, filed. See Jimenez v. Quarterman, 555 U.S. 113, 119-20, 129 S.Ct. 681, 685-86 (2009).

Under 28 U.S.C. § 2254, this Court may entertain a habeas petition on behalf of a person who is in custody, pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States. The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's Motion cannot be construed as a properly filed habeas petition under 28 U.S.C. § 2254. The Motion does not state any claims for federal habeas relief. (See, generally, Motion at 1-2). Therefore, there are no claims that can be stayed.

Further, to the extent petitioner requests that the Court toll the limitations period, petitioner has not established any grounds upon which the Court may toll the statute of limitations. The limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In short, petitioner's Motion, however liberally construed, is subject to summary dismissal without prejudice.[2]

Based on the foregoing, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the instant action without prejudice.

2. The Clerk shall serve petitioner with a copy of this Order, the Judgment herein, and the Court's § 2254 form petition.

DATED:  November 10, 2011  .

                                      /s/ Gary Feess
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner can file a petition for writ of habeas corpus after he exhausts his state court remedies. Petitioner should not file an amended petition in this action nor should he use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.

2